UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JANET E. MOSS, SEAN A. CAREY and
LISA CAREY

                           Plaintiff,

v.                                                Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                           Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. INTRODUCTION**

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff, Janet E. Moss, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff, Sean A. Carey, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3), and is the brother of Plaintiff, Janet E. Moss and husband of Plaintiff Lisa Carey.

6. Plaintiff Lisa Carey, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3), and is the wife of Plaintiff Sean A Carey and sister-in-law of Plaintiff, Janet E. Moss.

7. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8. Defendant regularly attempts to collect debts alleged to be due another.

9. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

10. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff, Janet E. Moss, incurred a credit card debt to Capital One. This debt will be referred to as "the subject debt."

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That upon information and belief, Defendant was employed by Capital One to collect on the subject debt.

14. That in or about May, 2010, Defendant began calling Plaintiff, Janet E. Moss, on her cellular telephone multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

15. That during the first of these aforementioned calls, Plaintiff, Janet E. Moss, informed Defendant that she did not wish to receive calls on her cellular telephone between 8:00 a.m. and 5:00 p.m. because she was at work during that time. Plaintiff, Janet E. Moss, informed Defendant that calls during that time were inconvenient, distracting, and that she was not allowed to use her cellular telephone during work hours. Defendant told Plaintiff, Janet E. Moss, that if she wanted the calls to stop she needed to make a monthly payment of $50.00. Plaintiff, Janet E. Moss, was already making monthly payments of $25.00 and at the time could not afford to pay any more. Thereafter, the conversation ended. Defendant continued to call Plaintiff, Janet E. Moss's cellular telephone to demand larger payments.

16. That in or about May, 2010, Defendant began calling Plaintiff Janet E. Moss's sister-in-law, Sherry Moss. Defendant called multiple times a week and left numerous messages on Sherry Moss's answering machine. Sherry Moss thought that the messages were from a telemarketer and routinely deleted them without listening. When the calls continued at the same frequency multiple times a week, Sherry Moss listened to a message and called the Defendant back. Sherry Moss spoke with a Defendant representative who stated the calls were for Plaintiff Janet E. Moss because she owed a debt to Capital One. Sherry Moss informed the Defendant that she was not Janet E. Moss, and Defendant asked for Plaintiff Janet E. Moss's contact information. Sherry Moss replied that she did not have Plaintiff Janet E. Moss's contact information, but would try to get a message to her. Thereafter the conversation was terminated.

17. That in or about June, 2010, Defendant's calls to Plaintiff Janet E. Moss began to escalate. Defendant continued to call Plaintiff Janet E. Moss on her cellular telephone multiple times per week, multiple times per day, but at an increased frequency. That during numerous of these aforementioned calls, Plaintiff Janet E. Moss requested that Defendant stop calling. Defendant replied that they would not stop calling unless Plaintiff Janet E. Moss set up a payment arrangement in which automatic withdrawals would be taken directly out of Plaintiff Janet E. Moss's bank account. Plaintiff Janet E. Moss refused to agree to such a payment arrangement and Defendant continued to call.

18. That in or about June, 2010, Defendant began contacting Plaintiffs Sean and Lisa Carey. In the first of the aforementioned telephone calls, Defendant representative called and spoke with Plaintiff Sean A. Carey. Defendant asked to speak with Plaintiff Janet E. Moss's husband, Jeff Moss. Sean Carey informed Defendant that Jeff did not live there and requested that he not be called again. Defendant then became aggressive and started to argue with Plaintiff Sean A. Carey about where Jeff Moss lived. Defendant caller in a sarcastic voice asked when Jeff Moss stopped living at the residence because their records indicated otherwise. Plaintiff Sean A. Carey explained that his wife, Plaintiff Lisa Carey, had lived in the house for the past 30 years and he had lived there for the past ten years, and that at no point did Jeff Moss ever live there. Defendant then demanded that Plaintiff Sean A. Carey give contact information for Jeff Moss, a non-debtor. Plaintiff Sean A. Carey refused, but offered to pass a message to Jeff Moss. Defendant refused to give his phone number and identification, and the conversation was terminated.

19. That in or about June, 2010, Defendant again contacted Plaintiffs, Sean and Lisa Carey. Plaintiff Lisa Carey answered the call and Defendant representative asked to speak with Plaintiff, Janet E. Moss. Defendant said he was calling because Plaintiff Janet E. Moss owed a debt to Capital One, and stated the amount owed. Plaintiff Lisa Carey then explained that Plaintiff Janet E. Moss did not live there and requested that Defendant stop calling. Before the conversation ended, Defendant asked Plaintiff Lisa Carey for Plaintiff Janet E. Moss's contact information. Instead of giving Plaintiff Janet E. Moss's contact information, Plaintiff Lisa Carey stated she would inform Plaintiff Janet E. Moss of the call. Thereafter the conversation was terminated.

20. That despite Plaintiffs Lisa and Sean Carey informing Defendant that Plaintiff Janet E. Moss and non-debtor Jeff Moss did not live there, and requesting the calls stop, Defendant continued to contact Plaintiffs Lisa and Sean Carey. Each time Plaintiffs Lisa or Sean Carey would speak to Defendant, they would inform Defendant that Plaintiff Janet E. Moss and non-debtor Jeff Moss did not live there and not to call there again. At times, the Defendant would become very aggressive and insist that Plaintiff Janet E. Moss and/or non-debtor Jeff Moss lived at their residence, when they did not.

21. That in or about June, 2010, Defendant contacted Plaintiff Janet E Moss's friend Kathleen Schloerb. Defendant stated that they were looking for Plaintiff Janet E. Moss because she owed a debt to Capital One. Kathleen Schloerb stated she was not Plaintiff Janet E. Moss, and that the number Defendant dialed was not Plaintiff's. Thereafter the conversation was terminated.

22. That despite all of Defendant's calls to Plaintiff Janet E. Moss's friends and family, Defendant had Plaintiff Janet E. Moss's current contact information and Plaintiff Janet E. Moss was continually making payments on the subject debt. Defendant had no reason to contact Plaintiff Janet E. Moss's friends and family except to harass, oppress, and abuse the Plaintiffs.

23. That in or about June, 2010, Plaintiff Janet E. Moss spoke with her sister-in-law, Sherry Moss. Sherry Moss informed Plaintiff Janet E. Moss about the calls she was receiving about a debt to Capital One. After learning that Defendant was calling her friends and family, Plaintiff Janet E. Moss became extremely embarrassed and ashamed that her family knew about her debt.

24. That during the times that Plaintiff Janet E. Moss would speak to Defendant, Defendant would promise to stop calling Plaintiff if she increased the amount she paid on the subject debt per month. Each time Plaintiff would increase her payment, the calls would again continue.

25. That in or about July, 2010, Plaintiff Janet E. Moss wrote a cease and desist letter to Defendant, stating that she no longer wished to receive any calls from Defendant, and that her friends and family also wanted Defendant to stop calling them. Said letter, sent certified mail, was received by Defendant. Despite Defendant's receipt of said letter, Defendant continued to call Plaintiff, Janet E. Moss.

26. That as a result of Defendant's acts, Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

### V. CAUSE OF ACTION

27. Plaintiffs repeat, reallege and incorporate by reference the allegations contained in paragraphs 1 through 26 above.

28. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiffs' telephone to ring with the intent to annoy, abuse or harass.
    B. Defendant violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692c(a)(3) by repeatedly contacting Plaintiff on her cellular telephone during hours known to be inconvenient to Plaintiff, and repeatedly calling Plaintiff on her cellular telephone while she was at work.

    C. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), and 15 U.S.C. §1692d by contacting third parties Sherry Moss, Plaintiffs Sean and Lisa Carey, and Kathleen Schloerb.  In said contacts with third parties, Defendant disclosed that Plaintiff Janet E. Moss owed a debt, and failed to state that the calls were to confirm or correct location information of Plaintiff Janet E. Moss.  Defendant's contact with said third parties is further deplorable considering Defendant had Plaintiff Janet E. Moss's current location information and Plaintiff Janet E. Moss was presently making payments on the subject debt.  The natural consequence of Defendant's actions was to harass, oppress, and abuse the Plaintiff Janet E. Moss.

    D. Defendant violated 15 U.S.C. §1692b(3), 15 U.S.C. §1692d, and 15 U.S.C. §1692d(2) by contacting Plaintiffs Sean and Lisa Carey, more than once without being requested Defendant do so, and by repeatedly insisting that Plaintiff Janet Moss and her husband, a non-debtor, resided at their residence.

    E. Defendant violated 15 U.S.C. §1692c(c) by contacting Plaintiff Janet E. Moss after receiving written communication from Plaintiff Janet E. Moss to cease all communication.

29. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendant for:

   (a)  Actual damages;

   (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d)  For such other and further relief as may be just and proper.

5

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 27, 2010

      /s/ Kimberly T. Irving
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
      kirving@kennethhiller.com